STATE OF WEST VIRGINIA

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BRIAN K. ALFORD,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0947** (BOR Appeal No. 2045236)
(Claim No. 2009095548)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MERRY X-RAY CHEMICAL CORP.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brian K. Alford, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Merry X-Ray Chemical Corp., by Alyssa Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 19, 2011, in which the Board affirmed an October 15, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 19, 2010, and March 31, 2010, decisions denying a request to reopen the claim for temporary total disability benefits, and denying authorization for a right shoulder arthroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Alford was working for Merry X-Ray Chemical Corp. as a field engineer when he injured his right shoulder on June 17, 2009. The claim was held compensable for sprain/strain of the shoulder/arm. On March 19, 2010, the claims administrator denied a reopening of the claim for temporary total disability benefits because the disability was not caused by the compensable injury. On March 31, 2010, the claims administrator denied a request for a right shoulder arthroscopy.

The Office of Judges affirmed the claims administrator's Orders, and held that the preponderance of the evidence did not establish that Mr. Alford was entitled to a reopening of the claim for temporary total disability benefits, or the arthroscopic surgery. Mr. Alford disputes the findings and asserts that he is entitled to the requested medical treatment as he has been receiving treatment for the right shoulder and there has been no intervening non-occupational cause of his current condition. Further, he argues that he is entitled to temporary total disability benefits for the time he was required to be off following the procedure to his shoulder. Merry X-Ray Chemical Corp. maintains that the medical treatment and temporary total disability benefits are necessitated by an age-related condition and not the compensable injury.

In affirming the claims administrator's March 19, 2010, Order, the Office of Judges found that the disability preventing Mr. Alford from working was due to surgery on his right shoulder which was not related to the compensable injury of sprain/strain of the shoulder/arm. Dr. Werntz III found that the requested surgery was medically reasonable for treatment of subacromial narrowing, an age-related change, but not due to the compensable injury. Further, the Office of Judges noted that diagnostic testing on June 30, 2009, revealed no evidence of internal derangement in the right shoulder and an intact rotator cuff, but the surgery revealed a different result.

In affirming the claims administrator's March 31, 2010, Order, the Office of Judges held that the request for a right shoulder arthroscopy is not medically related and reasonably required medical treatment of the compensable injury. It noted that the only compensable injury in the claim was sprain/strain of the shoulder/arm. The Office of Judges held the claims administrator was correct in denying the request for a reopening and right shoulder arthroscopy. The Board of Review reached the same reasoned conclusions in decision of May 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum